UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERMAN MADERA-LOPEZ,

v.                                    Case No. 8:05-cr-332-T-24MSS
                                              8:07-cv-277-T-24MSS

UNITED STATES OF AMERICA.
_____

O R D E R

This cause is before the Court on Defendant Federman Madera-Lopez (Lopez's)
amended motion to vacate, set aside, or correct an allegedly illegal sentence pursuant to
28 U.S.C. § 2255 (Doc. cv-7; cr-134)(hereinafter "motion to vacate"). A review of the record
demonstrates that, for the following reasons, Lopez's motion to vacate must be **DENIED**.

BACKGROUND

On September 28, 2005, Lopez pled guilty, with no written plea agreement,[1] to
counts one and two of a two-count superseding indictment. Count one charged Lopez with
conspiracy to possess with intent to distribute five kilograms or more of cocaine while
aboard a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §
§ 1903(a), 1903(g), and 1903(j); 21 U.S.C. 960(b)(1)(B)(ii).  Count two charged Lopez with
possession with the intent to distribute five kilograms or more of cocaine in violation of 46
U.S.C. § § 1903(a) and 1903(g); and 18 U.S.C. § 2; 21 U.S.C. § 960(b)(1)(B)(ii).  (Doc. cr-
72 [Judgment]; cr-93 [Transcript of Change of Plea Hearing]).

On January 20, 2006, the Court sentenced Lopez to one hundred and sixty-eight

---

[1]  Lopez declined a plea agreement that was "presented" to him because the agreement required that
he waive his appeal. (Doc. cr-93 at 10).

months incarceration as to counts one and two, with the sentences to run concurrently. (Doc. cr-72)  Judgment was entered that same day. (Doc. cr-72).

On January 24, 2006, Lopez filed a Notice of Appeal. Lopez argued "that the district court did not have jurisdiction because Congress exceeded its constitutional authority by enacting the MDLEA and that the MDLEA is unconstitutional because it removes the jurisdictional element from the jury's consideration."  (Doc. cr-121 at 2). On August 21, 2006, the United States Court of Appeals for the Eleventh Circuit rejected Lopez's argument and affirmed Lopez's conviction and sentence. (Doc. cr-121).

Lopez then signed and filed his original motion to vacate in February 2007. He signed the court-ordered amended motion to vacate on April 27, 2007.  Lopez's motion to vacate is timely.

DISCUSSION

Ground One

Lopez claims that he was erroneously sentenced under the Maritime Drug Law Enforcement Act.  In support, he states:

> Petitioner argues that he was erroneously sentenced under the MDLEA. [sic] Because Congress Article I powers do not encompass the authority to punish drug trafficking among stateless vessels on high seas. Petitioner was carring [sic] an ID card, he was subsequently identified as a Columbian resident at the time of his arrest.  The MDLEA should know or have known that they had no jurisdiction over him, on grounds that he is a Columbian resident that was in the territory of Columbian waters.  In other words, he was in the jurisdiction of Columbia, not U.S.A.

(Doc. cv-7 at 5).

Because the issue in ground one was raised and disposed of in Lopez's direct appeal, the issue is not cognizable in this section 2255 motion to vacate. *See United States*

*v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir.2000) ( "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255 .") (internal marks, citation and footnote omitted); *Mills v. United States*, 36 F.3d 1052, 1056 (11th Cir.1994) (per curiam) ( "[P]rior disposition of a ground of error on direct appeal, in most cases, precludes further review in a subsequent collateral proceeding." ); *United States v. Rowan*, 663 F.2d 1034, 1035 (11th Cir.1981) (per curiam) ("This Court is not required on § 2255 motions to reconsider claims of error raised and disposed of on direct appeal." ); *United States v. Johnson*, 615 F.2d 1125, 1128 (5th Cir.1980) (per curiam) ( "When an issue has already been determined on direct appeal, a Court need not reconsider it on a Section 2255 motion." ); *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir.1978) ( "[A] matter need not be reconsidered on a section 2255 motion if it has already been determined on direct appeal .") (internal citations omitted). See also *Christie v. United States*, 2006 WL 2864396  at *6 (M.D. Fla. Oct. 5, 2006)(citing *Olmstead v. United States*, 55 F.3d 316, 319 (7th Cir. 1995) (a § 2255 motion is "neither a recapitulation of nor a substitute" for direct appeal;  absent changed circumstances of fact or law, the court will not reconsider an issue already decided on direct appeal).

Lopez has not alleged changed circumstances of fact or law since his claim was denied by the Eleventh Circuit, and ground one does not warrant relief.

Ground Two

Lopez contends that he was deprived "from his right to effective assistance of counsel in violation of his Sixth and Fifth Amendment rights."  In support, he argues:

> Petitioner contends that his counsel rendered ineffective assistance by failing
> to adequately challenge the guideline calculations.  He understood by his
> then counsel that if he pled guilty, he would receive a fair and just sentence

of 60 months and or a total offense level of 27 (70 to 87) months, after the Court's reduction of 2 levels pursuant to USSG 5C1.2 and 3 levels pursuant to USSG 3E1.1(a) and (b). Thus this did not happen. [sic] Petitioner [sic] base level was calculated at 38 instead of 32.This resulted in a recommendation [sic] guideline range of 168 to 235 months, instead of 70 to 80 months as promised.

(Doc. cv-7 at 6).

Standard for Effective Assistance of Counsel

The Sixth Amendment right to counsel is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington*, 466 U.S. 668, 688 (1984); *see also Boykins v. Wainwright*, 737 F.2d 1539, 1542 (11th Cir. 1984). The burden is on the defendant to demonstrate that (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. *United States v. Cronic*, 466 U.S. 648, 658 (1984).

The reasonableness of counsel's challenged conduct must be judged on the facts of the particular case, viewed as of the time of counsel's conduct. *Devier v. Zant*, 3 F.3d 1445, 1450 (11th Cir. 1993). For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. *See Strickland*, 466 U.S. at 690. Judicial scrutiny of counsel's performance must be highly deferential, and courts "must avoid second- guessing counsel's performance." *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000) (en banc). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable

and that counsel 'made all significant decisions in the exercise of reasonable professional judgment.' " *Id.* (quoting *Strickland*, 466 U.S. at 689). The defendant's burden in this regard, though not insurmountable, is a heavy one. *See Chandler*, 218 F.3d at 1314. For a petitioner to show deficient performance, he "must establish that no competent counsel would have taken the action that his counsel did take." Id. at 1315.

To establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's deficient performance, the result of his trial would have been different. *United States v. Greer*, 440 F.3d 1267, 1272 (11th Cir. 2006). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Rolling v. Crosby*, 438 F.3d 1296, 1300 (11th Cir. 2006). If the defendant fails to show that he was prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. *Strickland,* 466 U.S. at 697; *Tafero v. Wainwright*, 796 F.2d 1314, 1319 (11th Cir. 1986).

Lopez's claim that his counsel was ineffective has no merit.

<u>Ineffective Assistance of Counsel for Failing To Predict Lopez's Sentence</u>

Lopez's statements at the change of plea hearing before the United States Magistrate Judge belie his allegation that "he understood by his then counsel that if he pled guilty, he would receive a fair and just sentence of 60 months and or a total offense level of 27 (70 to 87) months."

At the change of plea hearing, the Magistrate Judge informed the Defendant of the maximum penalty for each of the counts to which he was pleading, and asked the Defendant if he understood the penalties:

THE COURT:  The penalties for these charges are the same for each

5

offense.  Each offense carries a mandatory minimum term of incarceration of ten years, a maximum term of incarceration of life, a maximum fine of four million dollars, a term of supervised release of at least five years, and a special assessment of $100 due on the day of sentencing.  And that is as to each offense.  Do you understand the penalties?

(Doc. cr-93 at 14).

Lopez, who previously had been placed under oath, stated that he understood the penalties were a minimum mandatory ten years in prison up to a maximum of life. (Doc. cr-93 at 14). Lopez stated that he had discussed the sentencing guidelines with his attorney and that he understood what the attorney had explained about the guidelines. (Doc. cr-93 at 16).

The Magistrate Judge then explained:

THE COURT:  Now, you need to understand that the guidelines are just that, they are guidelines.  They are not requirements.  The judge can sentence you above the guideline range, below the guideline range or within the guideline range. And furthermore, the judge sets what the guidelines range is based upon [sic] what is reasonable in your case.  If you disagree with the sentence that the judge imposed against you, you cannot at that time, for that reason, withdraw your plea.  Do you understand that?

(Doc. cr-93 at 17).

Lopez stated that he understood.  (Doc. cr-93 at 18).

Then the Magistrate Judge explained that Lopez's counsel could not predict with any certainty what his sentence would be.  (Doc. cr-93 at 17).  Lopez stated that he understood that his attorney could not predict what his sentence would be. (Doc. cr-93 at 18).

The Magistrate Judge specifically asked:

THE COURT:  Has anyone told you that they can tell you exactly what your sentence will be if you enter a plea in this case?

(Doc. cr-93 at 18).

Lopez answered, "No one."  (Doc. cr-93 at 19).

<u>Ineffective Assistance of Counsel for Failing To Challenge the Guidelines at the
Sentencing Hearing</u>

Defense counsel's arguments at the sentencing hearing belie Lopez's contention

that "his counsel rendered ineffective assistance by failing to adequately challenge the

guideline calculations."

The Court asked counsel if she had discussed Lopez's Presentence Investigation

Report (PSR) with Lopez.  Counsel stated that she had. (Doc. cr-81 at 5).  Then the Court

stated:

> The Presentence Investigation Report suggests that the base offense
> level, which is driven on the amount of the drugs, should be a 38.  They've
> suggested that Mr. Madera-Lopez has debriefed and is entitled to the safety
> valve of two levels.  They've suggested that he was the -- acting as the
> captain and so he should get a two-level increase.  And then a three-level off
> for acceptance of responsibility.

(Doc. cr-81 at 5-6).

The Court asked whether Lopez ultimately identified himself as being the captain,

or others identified him as being the captain. (Doc. cr-81 at 8).  The prosecutor stated that

"other crew members had also identified him as being the captain, as well as his -- through

his own admission."  (Doc. cr-81 at 8).  Lopez's defense counsel agreed that Lopez

admitted to being captain of the go-fast vessel. (Doc. cr-81 at 8).  However, defense

counsel argued that Lopez's being captain of the go-fast vessel did not have the same

significance as being captain of a fishing vessel, because the fishing vessel was a much

larger "boat." (Doc. cr-81 at 8).

Defense counsel agreed that the guideline range of 168 to 210 months was correctly

calculated.  However, she argued that Lopez had no criminal history; he was not the owner

of the cocaine; he did not control the large amount of cocaine (525 kilograms) involved in the criminal activity; and there was no evidence he had ever been involved in more than the one trip for which he pled guilty. (Doc. cr-87 at 10).

Defense counsel also argued that, pursuant to the factors in 18 U.S.C. § 3553, Lopez was not a danger to the community "and he was not a danger that needs to be incapacitated until his 70's."[2] Defense counsel argued that he was away from his family, in a foreign country and that those conditions, coupled with his age, would be enough to deter his "doing this again."  (Doc. cr-81 at 10).

She also argued that no one knew what punishment was necessary for society to be repaid for his crime.  She strongly argued that at his age he could not learn anything in prison that would help him achieve legitimate employment in his country when he was in his '70s.  She pointed out that "the supply [of drugs] has not been lowered by the amount of years that we are -- are sentencing these individuals to, and it's not affecting the price, so it's not affecting the demand that the individuals in our country who want to use cocaine." (Doc. cr-81 at 11).

Defense counsel cited *United States v. Williams* for the proposition that the Eleventh Circuit upheld a 90 month sentence for a career offender. The 90-month sentence was "half of what the guidelines said."  She asked the Court to compare Lopez, who had no previous criminal history, to the career offender in *Williams* and to sentence Lopez below the advisory guidelines range. (Doc. cr-81 at 11-12).

---

[2] Lopez was 59 years old when he was sentenced.  If he were sentenced at the low end of the guidelines range, 168 months, or 14 years, he would be in his '70s by the time he was released from custody. (Doc. cr-81 at 10).

Defense counsel's arguments at the sentencing hearing refute Lopez's contention that she was ineffective for failing to adequately challenge the guideline calculation. Furthermore, Lopez's admissions at the change of plea hearing refute his contention that "he understood by his then counsel that if he pled guilty, he would receive a fair and just sentence of 60 months." Lopez has not alleged any facts to demonstrate that his defense counsel was ineffective and ground two does not warrant relief.

Accordingly, the Court orders:

That Lopez's motion to vacate (Doc. cv-7; cr-134) is denied, with prejudice. The Clerk is directed to enter judgment against Lopez in the civil case and to close that case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Defendant is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, Defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Defendant has not made the requisite showing in these circumstances.

Finally, because Defendant is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on May 17, 2007.

SUSAN C. BUCKLEW
United States District Judge

AUSA:  Kathy J.M. Peluso
Federman Madera-Lopez, pro se